UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN BALL, #20190001029, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-00434 |
| v. | (SAPORITO, M.J.) |
| WARDEN GARRY HAIDLE, et al., | |
| Defendants. | |

## MEMORANDUM

The plaintiff in this case, Dawn Marie Ball, was previously granted leave to proceed *in forma pauperis* ("IFP") in this action. It has come to our attention that the incarcerated plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g). For the reasons stated herein, upon *sua sponte* reconsideration of our prior order granting leave to proceed IFP, we will revoke the plaintiff's IFP status, vacate our prior order, and order the plaintiff to pay the applicable filing and administrative fees in full or face summary dismissal of this action.

I. **BACKGROUND**

On January 26, 2021, our sister court received a *pro se* complaint signed and dated by the plaintiff on January 2, 2021. (Doc. 2.) Because the parties and the events giving rise to this action were located in this

judicial district, the action was transferred to this court on February 3, 2021. (Doc. 6.)

The complaint names two defendants: the warden of Monroe County Correctional Facility and a nurse practitioner who provides primary medical care to inmates incarcerated there. It alleges that the warden refused to implement adequate policies to maintain sanitary conditions or to prevent the spread of COVID-19 within the jail. In particular, the complaint alleges that the warden was responsible for her placement in cells with other inmates who were COVID-positive. The complaint alleges that the plaintiff contracted both hepatitis B and COVID-19 as a result. It further alleges that the nurse practitioner was deliberately indifferent to the plaintiff's serious medical needs, refusing to provide her with adequate treatment for both conditions.

Together with the complaint, the plaintiff submitted a motion for leave to proceed IFP in this action. (Doc. 12; *see also* Doc. 1.) Based on the plaintiff's representations with respect to her finances, we granted the motion on March 26, 2021. (Doc. 17.) That same day, the clerk mailed a request for waiver of service to the defendants. (Doc. 18.) On April 12, 2021, the nurse practitioner entered his appearance through counsel and

waived formal service of process. (Doc. 19; Doc. 20.) He also filed a motion to dismiss the complaint for failure to state a claim and a brief in support of that motion. (Doc. 21; Doc. 22.) Because the time for the warden to respond to the request for waiver has not yet expired, a summons has not yet issued in this case.

We have now learned that this plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because she has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. *See Ball v. Hummel*, 577 Fed. App'x 96, 97 (3d Cir. 2014) (per curiam) (identifying three strikes accumulated prior to May 2012).[1] "Accordingly, [she] may not proceed *in forma pauperis* unless [she] was in imminent danger of serious

---

[1] We note that Ball is currently incarcerated at Monroe County Correctional Facility, a county jail where she has been assigned Inmate Number 20190001029. Based on publicly available records, it is clear that she is the very same Dawn Marie Ball, with a birthdate of May 18, 1970, who was previously incarcerated at various state prisons in the custody of the Pennsylvania Department of Corrections, where she was assigned Inmate Number OL0342. *See* Pa. SAVIN Search Form (Ball, Dawn), at https://www.vinelink.com/classic/#/home/site/39000 (last checked Apr. 15, 2021). *See generally* Fed. R. Evid. 201; *Ilarraza v. Chuta*, Civil Action No. 1:15-cv-2406, 2017 WL 1246363, at *2 (M.D. Pa. Feb. 10, 2017) (taking judicial notice of SAVIN offender information search results), *report and recommendation adopted by* 2017 WL 1208347 (M.D. Pa. Apr. 3, 2017).

physical injury at the time [she] filed [her] complaint." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310–11 (3d Cir. 2001) (en banc)).

## II. DISCUSSION

The plaintiff is barred from proceeding without prepayment of fees unless she was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). "The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted),[2] *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "When

---

[2] Notably, the appellant in this citation is the plaintiff in this case.

- 4 -

considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 977 F. Supp. 2d at 483 (citing *Ball*, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar*, 239 F.3d at 312. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id.* at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury.'" *Brown*, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

Based on the allegations of the *pro se* complaint, it is clear that no imminent danger of serious physical injury has been credibly alleged. The complaint alleges that the plaintiff was made to live and work in unsanitary conditions and in close proximity to COVID-positive inmates. It alleges that the nurse practitioner refused to *retest* her for COVID-19

after she was relocated to new cells with other inmates who were COVID-positive. It alleges that the nurse practitioner refused to provide medical treatment after diagnosing her with hepatitis B, and he refused to send her out to a hospital for treatment of her COVID-19. Most importantly, the complaint alleges that the plaintiff has already contracted hepatitis B and COVID-19.[3]

We find that the plaintiff has failed to allege any imminent danger of serious physical injury. The danger alleged by the plaintiff is entirely in the *past*, and thus cannot be said to be imminent. The purportedly imminent danger alleged is exposure to two infectious diseases that she has already contracted, to unsanitary conditions in general, and to other inmates who are COVID-positive—all of which has already occurred. Moreover, the exposure to COVID-positive inmates allegedly occurred *after* the plaintiff herself had contracted COVID-19.

Based on these allegations, the plaintiff has plainly failed to allege an imminent danger of serious physical injury. Although either hepatitis B or COVID-19 may in some circumstances ultimately result in serious

---

[3] Indeed, the complaint and attached exhibits indicate that she was already suffering with symptoms of COVID-19 *before* she was moved into the first cell with other inmates who were COVID-positive.

physical injury, the danger alleged here is entirely retrospective in nature. The danger of exposure to unsanitary conditions in general or to other inmates who are COVID-positive had clearly passed by the time the plaintiff filed her complaint in this action, months after she had already contracted both diseases. Moreover, the mere allegation that the plaintiff had been denied unspecified medical treatment for her hepatitis B, without more, is insufficiently specific to establish an *imminent danger* to her health. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421–22 (D.C. Cir. 2009) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc)).

### III. CONCLUSION

Based on the foregoing, the plaintiff's IFP status will be revoked, our order granting her motion for leave to proceed IFP will be vacated, and the plaintiff will be ordered to pay the applicable filing fee in full within thirty days or dismissal of this action will be recommended.

An appropriate Order follows.

Dated: April 16, 2021            *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge